Morris v. Morris.

SIMPSON J. MORRIS, Appellant, v. HATTIE A. MORRIS, Respondent.

St. Louis Court of Appeals, December 18, 1894.

1. **Divorce:** RIGHT OF COURT TO VACATE DECREE OF ITS OWN MOTION. Divorce is a legal right, the granting or withholding of which is in no way dependent on the discretion of the trial court. A decree of divorce, therefore, can not be vacated by the court of its own motion during the term, unless some legal ground for so doing is shown.

2. ———: ———. A decree should not be vacated without giving the party, in whose favor it is, an opportunity to be heard. Accordingly, a decree of divorce should not be vacated by the trial court of its own motion because of the developments of a subsequent trial, to which the person who obtained it was not a party.

3. **Appeals:** NEW TRIAL GRANTED BY TRIAL COURT OF ITS OWN MOTION. The statute conferring the right of appeal from an order granting a new trial applies to an order, whereby a decree is vacated by the trial court of its own motion.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED.

*Whiteside & Howard* and *Laughlin, Wood & Tansey* for appellant.

*W. L. Berkheimer, amicus curiæ.*

ROMBAUER, P. J.—The trial court granted to the
plaintiff a divorce upon his petition, which set out a
proper statutory ground for such relief, and which was
in other respects sufficient in law.    The defendant was
personally served in the action more than thirty days
before the beginning of the term, but failed to appear.
The plaintiff thereupon adduced evidence sufficient to
entitle him to a decree.    Subsequently, but at the same
term, the court vacated the decree of divorce of its own
motion, and the plaintiff appeals and complains that
such action of the court was unwarranted.

In vacating the decree, the court gave a written
opinion which is embodied in the record before us.    In
that opinion the court states that its reason for vacating
the decree was the fact that, subsequently to granting
it, another divorce proceeding was tried by the court,
and that the testimony heard in such other divorce
proceeding. reflected so severely on plaintiff's moral
character as.to show conclusively, if true, that the
plaintiff was not an innocent or injured party when
he filed his own petition for divorce.

That divorce is a legal right, the granting or with-
holding of which is in no way dependent upon the
discretion of the trial court, is a proposition so elemen-
tary as not to need the citation of authorities.    Pro-
ceedings of that character have always been reviewed
on appeal in this state on the weight of the evidence.
What is meant by the phrase that the state is not con-
cluded by the defendant's default is fully shown by the
discussion of that proposition in *Moore v. Moore,* 41
Mo. App. 176 and *Owen v. Owen,* 48 Mo. App. 208.
That merely enables the state to make independent
inquiries upon the trial about the grounds of divorce

and about the character of the complainant, although they are not challenged by answer. Such inquiries, however, must be prosecuted in some manner known to the law. Divorce being a legal right, and a decree being obtained upon a sufficient petition and sufficient evidence, such decree can not be vacated by the trial court of its own motion even during the term, unless some legal ground for so doing is shown.

Prior to the enactment of the Statute of April 18, 1891 (Laws 1891, p. 70), which first conferred the right of appeal from an order granting a new trial, the discretion of the trial court in vacating its own judgments during the term was subject to review only when such discretion was arbitrarily or oppressively exercised. *Nelson v. Ghiselin*, 17 Mo. App. 663. Since the enactment of the statute, however, that discretion is subject to the same review as any other order granting a new trial, because it would be absurd to hold that when a court grants a new trial on motion of a party aggrieved, its action is subject to a full review, and when it grants it of its own motion it is subject to a limited review only.

The practice, which prevails in England, of making the *particeps criminis* in a divorce proceeding on the charge of adultery a co-respondent has never prevailed in this country. The testimony, therefore, which was elicited in the subsequent proceeding, and which, in the opinion of the judge, involved the plaintiff's moral's character, was, as to him, wholly *ex parte* and mere hearsay. The plaintiff had no opportunity to meet or controvert it in any manner. Would it be contended that a judge had power to vacate during the term a judgment of debt, because some one informed him after its rendition that the debt had been paid prior to its rendition. To vacate a judgment or decree, without giving opportunity to the party who

obtained it to be heard, can not be regarded as due process of law.

All the judges concurring, the judgment vacating the decree of divorce is reversed.