BAYARD H. PAINE, Respondent, v. J. F. O'DON-NELL, Appellant.

**Kansas City Court of Appeals, July 2, 1915.**

1. **ATTORNEY AND CLIENT: Contracts: Claims Against Estates.** When the record before the appellate court discloses sufficient evidence to sustain plaintiff's claim of employment and that he performed the services required thereunder, so far as a judgment based on said evidence is concerned, it will be presumed, on appeal, that the court reached the correct result.

2. ————: ————: **Judgment.** Judgments remain in the breast of the court during the entire term at which they are rendered and may be set aside or vacated at any time during the term upon its own motion.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*E. J. Shannahan* and *Broaddus & Crow* for appellant:

*New, Miller, Camack & Winger* and *John Davis* for respondent.

TRIMBLE, J.—This was a suit to recover an attorney's fee of $50 claimed as due plaintiff on a contract made with defendant wherein the latter agreed to pay plaintiff that sum for getting a claim allowed against an estate or for collecting it. The case originated in a justice court, and, upon trial and judgment

there, was appealed to the circuit court where it was tried *de novo* before the court without a jury. The court took the case under advisement and three days later found the issues for plaintiff and a judgment was entered in his favor for $50. Defendant filed no motion for new trial, but some ten or twelve days after the entry of said judgment but at the same term, the court, upon its own motion, set it aside, and five days thereafter, still at the same term, found the issues for plaintiff and rendered judgment in his favor for $50. Thereupon, within four days, defendant filed a motion for new trial which was overruled and this appeal was taken.

There were no declarations of law given or findings of fact requested. The record discloses sufficient evidence to sustain plaintiff's claim of employment and that he performed the services required of him thereunder. Hence, so far as a judgment for plaintiff based on said evidence is concerned, it will be presumed on appeal that the court reached the correct result. [Winfrey v. Matthews, 174 Mo. App. 713; Sommer v. Bryson, 168 Mo. App. 335; Warner v. Close, 120 Mo. App. 211.]

It is contended here that the trial court having set the entry of the former judgment aside had no right to enter the last judgment without having another trial and hearing evidence. Counsel making this claim are not the counsel who represented defendant and filed the motion for new trial, upon the overruling of which this appeal was taken. It should be stated that this motion for new trial admits that the judgment it complains of was rendered upon testimony heard by the court because the motion continually refers to "the evidence" and to "the undisputed facts in the evidence" and insists that upon it the court should have found for defendant. Said motion also in paragraph number 7 sets forth what, in defendant's opinion, the evidence did show. There is nothing in the bill of

exceptions showing whether any testimony was heard after the first judgment was set aside or not. It is merely silent upon that question. Neither does the motion for new trial make any point or complain of the fact that no evidence was heard; nor was any motion in arrest filed. We do not rest our decision upon the absence of these, but merely state them as facts appearing in the case.

However, we will dispose of the case on the assumption that no evidence was heard after the entry of the former judgment was set aside. All of the acts of the court were done at the same term and while it was yet in existence. Judgments remain "in the breast of the court during the entire term at which they are rendered and may be set aside or vacated at any time during the term upon its own motion." [Harkness v. Jarvis, 182 Mo. 231, l. c. 235; Shuck v. Lawton, 249 Mo. 168, l. c. 173.] During the term, the court has plenary control of its judgments, orders, etc., therein made and may amend, correct, modify, revise, supersede, revoke or vacate them as in its discretion may seem necessary. [23 Cyc. 860.] "It has absolute control over its own judgments and decrees during the term at which they were rendered, and may therefore, at any time before the expiration of the term, in the exercise of its discretion, open, amend, correct, reverse, vacate or supplement any judgment or decree rendered during such term. [17 Am. & Eng. Ency. of Law (2 Ed.), 813; 1 Black on judgments (2 Ed.), sec. 305.]

Now the record does not disclose why the court set aside the first entry, nor are the two entries set out in the record so that it can be seen wherein the last differs from the first. There is a difference between the rendition of a judgment and the entry thereof upon the record. [1 Black on Judgments (2 Ed.), sec. 106.] Whether the first entry was inadvertently made before the court intended that it should be, or

whether there was some clerical or other irregularity therein which the court sought to correct by setting it aside and having another entered, does not appear. All that is certain is that one legal result was the same in both, the defendant was adjudged to pay plaintiff $50. It is certain that the entry of the first judgment was not set aside for any error occurring in the trial since the court did not grant a new trial. If a new trial had been granted doubtless another judgment could not have been entered until a new trial had authorized it. But no new trial was granted. As the whole matter was in the breast of the court we see no reason why the court could not set aside the first entry and thereafter render judgment upon the evidence which he still had within his consideration. The evidence he had heard fully justified the judgment and the last entry was no broader than the first in its legal effect upon defendant. Nor was any claim up to that time made that it was broader or that other evidence could be adduced which would change the result, nor indeed is there any such claim now made. In Taylor v. Gribble, 33 S. W. (Tex.), 765, it was held that where a cause was tried before the court without a jury the court could, at the same term, vacate a judgment rendered in favor of defendant and render one in favor of plaintiff without rehearing the evidence or having another trial. If this can be done, surely the court can at the same term set aside a judgment in favor of a party and reenter a judgment for the same amount in favor of the same party. In Commonwealth v. Weymouth, 84 Mass. 144, it was held that a trial court, could, after sentencing a prisoner and after the commitment in execution of the sentence had been issued but before it was executed, revise and increase the sentence which, of course, was the judgment itself. [See, also, Walmerstadt v. Jacobs, 61 Iowa, 372.]

The whole matter, evidence as well as the judgment to be pronounced therein, having been submitted to the court and being within the breast of the court for its consideration and determination, and it being the court's duty to render a correct judgment on said evidence, and to correct any erroneous entry that may have been made therein, and nothing appearing in the record showing that a new trial was granted, we are unwilling to hold that the last entry of the judgment made by the court was void.

The judgment is, therefore, affirmed. All concur.