BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1916.

STATE OF MISSOURI ex rel. GEORGE R. WEND-
LING, JR., Relator, v. GLENDY B. ARNOLD,
Judge, Respondent.

St. Louis Court of Appeals, February 6, 1917.

1. **NONSUITS: Time for Taking.** Plaintiff is not entitled to take a
nonsuit after the cause has been finally submitted and judgment
has been rendered against him.

2. **APPELLATE PRACTICE:** Judgments Appealable: Nonsuits. De-
fendant has no right of appeal from a judgment of nonsuit.

3. ————: Nature of Right of Appeal. Appeals are creatures of the
statute, the right to appeal existing, if at all, solely by virtue of
the statute.

4. ————: Appealable Orders: Vacation of Judgment. An order vacat-
ing a judgment is not appealable as "a special order after final
judgment," within the meaning of section 2038, R. S. 1909, regu-
lating appeals.

5. ————: ————: ————. An order vacating a judgment for defend-
ant, in order to allow plaintiff to take a nonsuit, is appealable as
"an order granting a new trial," within the meaning and intend-
ment of section 2038, R. S. 1909, regulating appeals.

6. ————: ————: ————: Courts: Power to Vacate Judgment. Al-
though a court of general jurisdiction has control over its judg-
ments during the term at which they are rendered, including the

right to set the same aside, nevertheless where a judgment is rendered upon a trial of the issues, it cannot be vacated, even during the term, except upon some legal ground justifying such course; and whether or not such legal ground exists is a matter for review in the appellate court.

7. ———: ———: **Orders Ex Mero Motu.** The right to appeal from an order setting aside a judgment or granting a new trial is not precluded or curtailed by reason of the fact, alone, that the judgment is set aside or the new trial granted on the court's own motion, rather than on motion of a party litigant.

## MANDAMUS. ORIGINAL PROCEEDING.

### PEREMPTORY WRIT ISSUED.

*Robt. L. McLaran* and *E. A. B. Garesche* for relator.

(1) The power of a court of general jurisdiction to set aside its judgment during the same term on motion of either party, or on its own motion, must not be arbitrarily or oppressively exercised and is subject to review by the appellate courts. Nelson v. Ghiselin, 17 Mo. App. 663, 666; Morris v. Morris, 60 Mo. App. 86-88; Scott v. Smith, 133 Mo. 618-623. (2) Trial courts have no power to vacate their judgments on motion of either party or on their own motion, even during the same term, unless some legal ground for so doing is shown. Morris v. Morris, 60 Mo. App. 88; Scales v. Scales, 65 Mo. App. 292-294. (3) The court's action in attempting to set aside its final judgment of August 21, 1916, for the sole purpose of allowing plaintiffs to take a nonsuit, was an arbitrary and oppressive exercise, and a flagrant abuse of its discretion, and absolutely unwarranted by any law of this State. Lawyers' Co-op. Pub. Co. v. Gordon, 173 Mo. 139. (4) A plaintiff shall be allowed to dismiss his suit or take a non-suit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and *not afterwards*. Sec. 1980, R. S. 1909; Lawyers Co-op. Pub. Co. v. Gordon, 173 Mo. 139; McLean v. Stuve, 15 Mo. App. 317; Bank v. Butler, 163 Mo. App. 380; Brewing Co. v.

Smith, 59 Mo. App. 476.   (5)   The law will not permit
one to do indirectly, or in a circle, what he cannot do
directly, or in a straight line.   Euneau v. Rieger, 105
Mo. 659; Darling v. Potts, 118 Mo. 506.   (6)   Upon the
refusal of an inferior court to grant an appeal to a party
entitled to it, the appellate court will compel the grant-
ing of such appeal by mandamus.   State ex rel. Allen.
92 Mo. 20; Hall v. Audrain County, 27 Mo. 329; State ex
rel. v. Reynolds, 121 Mo. App. 699.   (7) The statute pro-
vides for an appeal from "any special order after final
judgment in the cause."   Sec. 2038, R. S. 1909.   (8) The
judgment of August 21, 1916, in favor of relator, was a
*final judgment* within the meaning of the statute and the
decisions of this State, in that it was rendered on a sub-
mission of the entire case to the court; exhausted the
court's jurisdiction as to the matters decided, and at
once disposed of the entire controversy settling the
rights of the parties and leaving nothing for further
consideration.   Sec. 2090, R. S. 1909; State ex rel. v.
Riley, 219 Mo. 667-693; Wolff v. Vette, 17 Mo. App. 36-
37;   Baker v. St. Louis, 189 Mo. 375.

*Perry Post Taylor, Emil Mayer* and *Ben L. Shifrin*
for respondent.

(1)  A court of general jurisdiction has inherent
power during the same term in which a judgment is ren-
dered to set aside or vacate its own judgments on motion
of either party or on his own motion.   Curry v. Trinity
Zinc, Lead & Smelting Co., 157 Mo. App. 423; Ewart v.
Peniston, 233 Mo. 695; Scott v. Jafee, 125 Mo. App. 573;
Hess v. Seyp, 88 Mo. App. 66; Kunpp v. Miller, 133 Mo.
App. 256;   Smith v. Perkins, 124 Mo. 50.   (2)   (a)
The mere setting aside or vacating of a judgment during
the same term of court is not the granting of a new trial
or a final judgment within the meaning of our statute.
Breed v. Hobart, et al., 187 Mo. 140; Bussiere's Admr.
v. Sayman, 257 Mo. 303; Badger Lumber Co., v. Boswell,
180 Mo. App. 180.  (b)   A new trial in the judicial exam-
ination of the issues involved in the case and the action
of the respondent in this case does not come within the

definition of a new trial as laid down by the authorities. Breed v. Hobart, et al., 187 Mo. 140. (3) No appeal lies from an order of court setting aside a judgment when the order is made during the same term in which the judgment is rendered.    Bussiere's Adm. v. Sayman, 257 Mo. 303; Kidder v. Wright, 72 Mo. App. 378; State, ex rel. Merrill, v. Burns, et al., 66 Mo. 227; Smith v. Perkins, 124 Mo. 50; Freeman on Judgments, paragraph 90.

ALLEN, J.—This is an original proceeding in this court by mandamus, whereby the relator seeks to compel the respondent, one of the judges of the circuit court of the city of St. Louis, to allow relator an appeal to this court from an order of respondent, as such judge, setting aside a judgment in favor of relator. To our alternative writ, wherein is incorporated relator's petition for the writ, the respondent filed a demurrer on which he stands, and the cause has been argued and submitted for adjudication on this demurrer.

By the allegations of the alternative writ, admitted by the demurrer, it is made to appear that on August 21, 1916, an action was pending in division No. 14 of the circuit court of the city of St. Louis, presided over by respondent, brought by James B. Thomas et al. against this relator—evidently a suit upon a foreign judgment; that the cause had previously been tried before respondent, sitting as a jury, a jury having been waived, and had been taken under submission by respondent and so held until the date last mentioned (being one of the days of the June term, 1916, of said circuit court), at which time respondent, as judge of said court rendered judgment in favor of relator, the defendant therein, respondent filing a "special finding of facts" (nothing appearing as to whether this was upon request or otherwise) as follows:

"The court finds that the record of the municipal court of New York is not properly certified, in that the judge's certificate fails to show that he was judge of part I of the municipal court of the city of New York, or that he was the chief justice of said court.

"The court further finds that the transcript of the record of the municipal court of New York fails to contain a copy of any judgment of said court in favor of plaintiff."

The alternative writ further alleges that on August 23, 1916, plaintiffs in said cause filed their motion for a new trial, which is fully set out; that thereafter, on September 30, 1916, and during the same June term, 1916, of said court, "plaintiffs, by leave of court, withdrew their motion for a new trial, and thereupon the court, on its own motion, set aside its order and judgment of August 21, 1916, and took the case under advisement, in order, as the court announced at the time, to allow plaintiffs to take a nonsuit;" that on the same day, this being the last day of the said June term, 1916, of said court, relator presented and filed his affidavit for appeal, in due form, and prayed an appeal to this court, with an allowance of ninety days in which to file a bill of exceptions and ten days after the adjournment of the term in which to file an appeal bond; but that respondent, as said judge, denied "the said prayer for an appeal and for time for filing final bill of exceptions and for giving and filing an appeal bond."

It is further alleged that thereafter, to-wit, on October 30, 1916, on application of plaintiffs in said cause, respondent, as judge of said court, "set aside his order of September 30, 1916, taking the cause under advisement, and allowed said cause to be dismissed by plaintiffs at their costs, all in pursuance of his announced intention on the 30th day of September, 1916, at which time the court set aside its judgment of August 21, 1916, in favor of the defendant, in order to allow plaintiff to take a non-suit."

The alternative writ commands the respondent to approve relator's affidavit for appeal, to allow relator an appeal to this court and to grant him a reasonable period within which to file his bill of exceptions and appeal bond, or to show cause on a day named why he should not do so.

The question presented is whether relator is entitled to prosecute an appeal from respondent's order of September 30, 1916, setting aside the judgment which had been rendered, during the same term, in defendant's favor. That a plaintiff is not entitled to take a nonsuit after the cause has been finally submitted and judgment has been rendered against him, is a proposition which admits of no dispute. And in Lawyers' Co-operative Publishing Company v. Gordon, 173 Mo. 139, 73 S. W. 155, our Supreme Court held that the trial court erred in sustaining a motion for a new trial, "for the purpose of permitting plaintiff to take a nonsuit." Whether that case is controlling upon the record of the cause out of which this mandamus proceeding arises, need not now be determined, since the matter is one going to the merits of the question to be determined on appeal, in the event that the case thus reaches this court. We are immediately concerned with relator's right to an appeal.

Respondent argues that the application for an appeal was premature; that relator should have waited and made application therefor after the nonsuit was taken on October 30, 1916. But obviously this is beside the case, for relator could not have prosecuted an appeal from the nonsuit.

On the other hand the order vacating the judgment rendered in his favor cannot be regarded as a "special order after final judgment," within the meaning of the statute (section 2038, Revised Statutes, 1909), as relator contends. This will readily appear from an examination of the opinion of the Supreme Court in Bussiere's Admr. v. Sayman, 257 Mo. 303, 165 S. W. 796.

The right of appeal exists, if at all, solely by virtue of the statute; for appeals are creatures of the statute. And it is apparent to us that if relator is here entitled to prosecute an appeal from this order it is on the ground that the order, which deprived him of the benefit of a judgment rendered in his favor, is an "order granting a new trial" within the meaning and intendment of section 2038, supra; as it now stands and has stood since the amendment of 1891. The question presented

is one not entirely free from difficulty, but we are persuaded that inasmuch as the judgment was one rendered after a trial of the issues joined in the case, an order vacating and setting aside the judgment is comprehended within the provision of section 2038, supra, allowing an appeal "from an order granting a new trial."

In Bussiere's Admr. v. Sayman, supra, following Crossland v. Admire, 118 Mo. 87, 24 S. W. 154 and Breed v. Hobart, 187 Mo. 140, 86 S. W. 108, it is held that an appeal will not lie from an order setting aside a default judgment, as being an order granting a new trial. It is said that where the judgment is one by default there has been no trial, and hence no "new trial" can be awarded, within the meaning of the statute. And in like manner this court in Schwoerer v. Christophel, 64 Mo. App. 81, held that under the ruling in Crossland v. Admire, supra, an appeal would not lie from an order setting aside a judgment rendered in affirmance of a judgment of a justice of the peace, without a hearing. In that case this court, through Bond, J., after pointing out that the judgment had not been rendered upon a trial or examination of issues between the parties, said: "Under the ruling of the Supreme Court such a trial of the issues is indispensable to the awarding of a new trial, and the vacation of a judgment not rendered upon such a trial is not within the letter and spirit of the statute." [See, also, Kidder v. Wright, 72 Mo. App. 378.] But we are here concerned with an order vacating a judgment which was in fact rendered upon a trial of issues joined; and it follows that Crossland v. Admire, supra, and the cases which follow it, do not determine the question before us.

It is true that the statute does not in terms allow an appeal from an order setting aside a judgment, though it be one rendered upon a trial of issues. But the effect of setting aside such a judgment, in the usual course of things, is to allow a new trial of the issues, or of some issue in the case. It is said that respondent, by his order of September 30, 1916, set aside this judgment and took the case under advisement; from which it may

be said that the order could not have had the effect of granting a new trial. But we think that this overlooks the definition of the word "trial," which by our Code is defined as follows: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." [Sec. 1967, Revised Statutes, 1909.] Though the order made did not contemplate the introduction of further evidence, it was nevertheless an order which, if acquiesced in by relator, permitted the court to proceed anew to "the judicial examination of the issues between the parties." Such an examination, we think, must be regarded as a trial, within the meaning of section 1967, supra, and, under the circumstances, as a new trial, within the meaning of section 2038, supra. We regard it as immaterial that the court did not proceed to "try the issues" anew; for relator's right to an appeal, if any, arose when this order was made, and is to be determined by the scope and effect of such order.

In this connection it may be noted that under the rulings of the Supreme Court an appeal lies from an order setting aside an involuntary nonsuit—though section 2038, supra, does not in terms allow an appeal from such an order—as being, in effect, an order granting a new trial. This question first came before Division No. 2 of the Supreme Court in Ready v. Smith, 141 Mo. 305, 42 S. W. 727, where it was held that an appeal would not lie from such an order. However, the contrary was held by Division No. 1 of that court in State ex rel. v. Mo. Pac. Ry. Co., 149 Mo. 104, 50 S. W. 278, without referring to the prior case mentioned. And in Coatney v. Railway Company, 151 Mo. 35, 51 S. W. 1036, the Court in Banc overruled the decision in Ready v. Smith, and approved that in State ex rel. v. Mo. Pac. Ry. Co., supra.

In State ex rel. v. Mo. Pac. Ry. Co., supra, it is said by VALLIANT, J.:

"The right of appeal from an order sustaining a motion for a new trial was given by an act of the General Assembly, approved April 18, 1891. [Laws 1891, p. 70.] In that act no mention is made, by that name, of an

order sustaining a motion to set aside an involuntary nonsuit, but such an order is necessarily comprehended in the words "order granting a new trial. . . . What is a trial? Our statute answers this question: Section 2130, Revised Statutes 1889: 'A trial is the judicial examination of the issues between the parties, whether they be issues of law or fact.' The proceeding in this case then amounted to a trial, although it culminated in an issue of law, and the effect of sustaining the motion to set aside the nonsuit is nothing more than granting a new trial of that issue. Defendant, therefore, had a right to this appeal."

In the case under consideration we are of the opinion that the order made, which took away relator's judgment and left the case open for a trial of the issues anew by the court, if it saw fit, or for the court to take such further steps as would open up the entire case, or otherwise make it necessary that the controversy between the parties be again fully fought out, was an order comprehended within the meaning and intendment of the statute allowing an appeal from an order granting a new trial.

It is true that a court of general jurisdiction has control over its judgments during the term in which they were rendered, and may, during the term, set aside any judgment entered or order made. But this does not mean that no review may be had of its action in any case whatsoever. Where a judgment has been rendered upon a trial of the issues it cannot be vacated even during the term, except upon some legal ground justifying such course. And whether such legal ground exists is a matter for review in the appellate court. [See Morris v. Morris, 60 Mo. App. 86; Scales v. Scales, 65 Mo. App. 292.]

And the right of review is not precluded or curtailed by reason of the fact, alone, that a new trial is granted, or a judgment set aside, on the court's own motion rather than on motion of a party litigant.

In Morris v. Morris, supra, ROMBAUER, J., speaking for this court, said:

"Prior to the enactment of the Statute of April 18, 1891 (Laws 1891, p. 70), which first conferred the right of appeal from an order granting a new trial, the discretion of the trial court in vacating its own judgments during the term was subject to review only when such discretion was arbitrarily or oppressively exercised. [*Nelson v. Ghiselin,* 17 Mo. App. 663.] Since the enactment of the statute, however, that discretion is subject to the same review as any other order granting a new trial, because it would be absurd to hold that when a court grants a new trial on motion of a party aggrieved, its action is subject to a full review, and when it grants it of its own motion it is subject to a limited review only."

We are of the opinion that relator has a clear legal right to prosecute an appeal from the ruling which he seeks to have us review  Our alternative writ will accordingly be made peremptory. It is so ordered. *Reynolds, P. J.,* and *Becker,* J, concur.