# JOHN B. STAUFFER, Respondent, v. FRANCES A. STAUFFER, Appellant.

**St. Louis Court of Appeals. Argued and Submitted November 8, 1918. Opinion Filed December 3, 1918.**

1. **DIVORCE: Judgment Dismissing Petition: Power of Court to Modify: Nonsuit.** In view of the provisions of section 1980, Revised Statutes 1909, the action of the trial court in modifying its order and judgment in a divorce case, dismissing plaintiff's petition, by entering in it that plaintiff's petition was dismissed "without prejudice," was error; and this whether with or without a motion to so do.

2. ———: ———: ———: ———. Such change in the judgment or decree in the case was tantamount to allowing a nonsuit after submission and was beyond the power of the court.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Thos. C. Hennings,* Judge.

REVERSED AND REMANDED (*with directions.*)

*George F. Beck* for appellant.

(1) The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards. R. S. 1909, sec. 1980; Reed v. Reed, 39 Mo. App. 473; Savoni v. Brashear, 46 Mo. 345; Lawyers' Co-Op. Pub. Co. v. Gordon, 173 Mo. 139. (2) An action for divorce in Missouri is purely statutory, and there is no statute authorizing a dismissal by plaintiff after a final judgment. In re Kinsolving, 135 Mo. App. 640; Sharpe v. Sharpe, 134 Mo. App. 278; State v. Grimm, 239 Mo. 340. (3) The finding and judgment of the court are inconsistent. The court having found "that the plaintiff is not an innocent and injured party and is not entitled to the relief prayed for in his amended petition," it was error and improper for the court to modify the decree permitting a dismissal "without prejudice." (4) Appellant is aggrieved by the action of the circuit court. If the judgment as modified is erroneous, appellant's remedy is by appeal to have the judgment reviewed. It is not subject to a successful attack collaterally upon a mere showing that the words "without prejudice" should have been omitted. Long v. Long, 141 Mo. 352, 370, point 6.

*James M. Rollins* and *Rudolph Schneider* for respondent.

(1) There was no non-suit taken in this case, and what was done was not in the nature of a non-suit. The cases cited refer to an attempt to take a non-suit

after trial, after the whole case had been finally submitted. The Reed case is not similar to the case here, where a motion for a new trial was filed; a multitude of affidavits were filed, disclosing newly discovered evidence, before a final finding dismissing plaintiff's petition without prejudice, was entered. The cases are not on the same footing. The appellant was therefore not aggrieved by the finding of the lower court. There were no judgments against her and she was not aggrieved and therefore had no right to appeal. Only parties aggrieved have the right of appeal. R. S. 1909, sec. 2038. (2) A judgment is not a finality until all motions are disposed of. "A motion for a new trial or a motion to set aside a judgment goes over to the next term of court without any special order of continuance. The court has the power at said next term to take up and consider the same." Harkness v. Jarvis, 182 Mo. 231. "A motion to modify may be determined at a subsequent term of court." Brieding v. Nelson, 142 Mo. App. 685. "Until the motion is disposed of, a judgment is not a finality." Childs v. Railway, 117 Mo. 414; Memphis v. Brown, 94 U. S. 715; Amy v. Watertown, 130 U. S. 301; Baker v. Baker, 51 Wis. 538; Windlett v. Hamilton, 52 Ill. 180. "The trial court may, in the exercise of a sound discretion, set aside a verdict on its own motion. Schuate v. Transfer Co.. 108 Mo. App. 25; Parker v. Britton, 133 Mo. App. 270; Hurle v. Kennally, 186 Mo. 225. The jurisdiction of the court being held until all motions pending therein were finally disposed of. Deck v. Wright, 135 Mo. App. 536; State v. French, 118 Mo. App. 15; Cramer v. Barmon, 193 Mo. 327. (3) It is in the discretion of a court of equity who has all the facts before him, including motion for a new trial on the ground of newly discovered evidence, to modify his orders and dismiss plaintiff's petition without prejudice. "And such dismissal is no decision of the controversy on its merits." Newberry v. Ruffin, 102 Va: 73. (4) "It is the constant practice of the court to insert in the decree of dismissal of such a bill that it shall be without prejudice." Daniells Pleading

and Practice, page 1244. Henry Reynolds, administrator of James Reynolds v. John B. Hennessy, 17 R. I. 169, 175. Held, that neither the discontinuance nor the dismissal "without prejudice" precluded the plaintiff from a new action. "A dismissal 'without prejudice' leaves the parties as if no action had been instituted."

REYNOLDS, P. J.—Plaintiff brought his action for divorce. A trial was had before the court at the February, 1917, term thereof, and at its conclusion the cause was submitted upon the pleadings, evidence and proof adduced, and the court took time to consider it. Thereafter, and during the same term, the court rendered this decree, namely:

"This cause having been tried by the court on the 12th day of February, 1917, and having on said last-mentioned date been by the parties hereto submitted to the court, upon the pleadings and the evidence, . . . and the court being now fully advised in the premises, doth find that the plaintiff is not an innocent and injured party and is not entitled to the relief prayed for in his amended petition; wherefore it is ordered, adjudged and decreed by the court that the plaintiff's bill herein be, and the same is, hereby dismissed, at the cost of said plaintiff, for which let execution issue."

In due time plaintiff filed a motion for new trial, alleging newly discovered evidence as well as other matters of alleged error. Plaintiff filed several affidavits in support of his allegation of newly discovered evidence, the defendant resisting the motion and also filing affidavits.

It would appear that this motion was continued to the April term of the court. At that term the court, without any motion to that effect, modified its judgment by adding to it. after the judgment dismissing plaintiff's bill, the words, "without prejudice," and overruled the plaintiff's motion for new trial. Defendant in due time filed her motion to set aside the above order. That motion was overruled, defendant excepting and duly appealing.

The action of the learned trial court in modifying its order and judgment previously made by entering in it that plaintiff's petition or bill was dismissed "without prejudice," cannot be sustained; this whether with or without a motion to so do. While not in so many words allowing a nonsuit, this change in the judgment or decree in the case, was tantamount to that.

Section 1980, Revised Statutes 1909, expressly provides that plaintiff shall be allowed to dismiss his suit or take a non-suit at any time "before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward."

We can see no distinction between this change in the order, and an order for the purpose of allowing plaintiff to take a nonsuit. When the latter occurs we held, in State ex rel. Wendling v. Arnold, Judge, 197 Mo. App. 1, 193 S. W. 292, that it was reversible error. So our Supreme Court has held in many cases. They are so fully set out and commented on in Long v. Long, 141 Mo. 352, 44 S. W. 341, as also in Lawyers' Co-Operative Publishing Co. v. Gordon, 173 Mo. 139, 73 S. W. 155, that we do not think it necessary to repeat what is there said.

Our conclusion is that the amendment made by the learned trial court, by inserting in the decree the clause that the bill was dismissed "without prejudice," was beyond the power of that court. The cause had been submitted on the pleadings and the evidence, taken under advisement by the court, and a final judgment rendered.

The cause is accordingly reversed and remanded, with directions to the circuit court to set aside its amended or modified order of April 16, 1917, amending its judgment of date February 19, 1917, and reinstating its original decree dismissing plaintiff's case.

*Allen* and *Becker, JJ.,* concur.