In Re Adoption of FRANCIS ZARTMAN: HIRAM L. WUBENHORST and RUBY C. WUBENHORST, Appellants, v. WILLIAM T. ALFORD, Guardian *ad litem.*—65 S. W. (2d) 951.

Division One, December 6, 1933.

*John S. Cannon* for appellants.

238

*R. B. Kirwan* for respondent.

STURGIS, C.—This is a contest over the adoption of Francis Zartman, a minor child, by the appellants, Hiram L. Wubenhorst and his wife, Ruby C. Wubenhorst, in a proceeding had by such appellants in the Juvenile Division of the Circuit Court of Jackson County. That court first entered a decree of adoption of said minor child on July 10, 1930, at the May Term, 1930, of said court. Later on September 5, 1930, but during the same term of court, it made and entered its order or judgment setting aside the decree of adoption. It is from this order or new judgment that the adopting parents, appellants, have taken and perfected their appeal to this court.

The record discloses that on May 6, 1930, the appellants, husband and wife, petitioned the Circuit Court of Jackson County, under the provisions of Section 14073, Revised Statutes 1929, for permission to adopt Francis Zartman, a minor child, as their child. No question is made as to the sufficiency of the petition or the jurisdiction of the court. The natural parents of said minor child were both dead and the duly appointed guardian of the child, it being under twelve years of age, filed his consent to such adoption by the petitioners. Said cause was docketed under the title of In re Adoption of Francis Zartman: Hiram L. Wubenhorst and Ruby C. Wubenhorst, Petitioners, and was duly assigned for trial in the Juvenile Division of the court. Before any hearing was had the court appointed William T. Alford, designated here as defendant, an attorney at law, guardian *ad litem* of said minor child. Said guardian *ad litem* qualified as such and in due time filed his answer, in which he stated that "he has carefully investigated the facts alleged in the petition herein and that he is satisfied from such investigation that the persons petitioning to adopt said child are of good character and have sufficient ability to properly care for, maintain and educate said child, and that the welfare of said child will be promoted by sustaining the petition for

240

adoption, but in addition thereto he prays the court to require strict proof thereof.''

Thereafter on July 10, 1930, in due course, at the May Term of court, the following decree was made and entered, to-wit:

"Now on this 10th day of July, 1930, the petition of Hiram L. Wubenhorst and Ruby C. Wubenhorst for the adoption of Francis Zartman coming on to be heard and the report of William T. Alford, guardian *ad litem* for said child in these proceedings, having been made herein, the said Francis Zartman, a minor, being present in person and by said guardian *ad litem*, and the evidence being heard, and the court being fully advised, finds:

"That said Francis Zartman is a minor under the age of twelve years and resides in Jackson County, Missouri.

"The court further finds that said petition for adoption and the parental consent to such adoption are in due form and that the report of said guardian *ad litem* is favorable to said adoption. The court is satisfied that the persons petitioning to adopt said child are of good character and of sufficient ability to properly care for, maintain and educate such child, and that the welfare of such child will be promoted by sustaining said petition for adoption; and that it is fit and proper that such adoption should be made.

"Wherefore, it is adjudged, ordered and decreed that from the date of this decree said child shall, to all legal intents and purposes, become and be the child of said Hiram L. Wubenhorst and Ruby C. Wubenhorst, and that the name of said child shall be changed to Richard Francis Wubenhorst.

"It is further adjudged, ordered and decreed that the natural parents of said child shall in no wise hereafter have any right or claim to or for the services, wages, control, custody or company of said child.''

Thereafter at the same May Term of court on September 4, 1930, the guardian *ad litem,* William T. Alford, filed a motion therein to set aside the decree of adoption, reciting the granting of the decree of adoption on July 10, 1930, and that this motion is filed at the same term of court, and further stating:

"That it has been brought to the attention of the said William T. Alford that the mother to whom said child was adopted is unfit morally to have said child, and therefore prays the court to have the order granting said adoption to the above named petitioners set aside by the court, and that a hearing be had upon the matter in the Juvenile Division of the Circuit Court of Jackson County, Missouri, *on Saturday, the 6th day of September, 1930,* at nine o'clock A. M., or as soon thereafter as counsel can be heard.

"A copy of this motion is served upon the defendants herein.''

In the caption of this motion Hiram L. Wubenhorst and Ruby C. Wubenhorst are designated as defendants.

Although said motion stated that same would be presented for hearing at the convening of court on Saturday, September 6, 1930, the court of its own motion on September 5, 1930, at nine o'clock A. M., without any notice- to the adopting parents and without giving them any opportunity to be present or be heard in the matter, entered of record the following judgment or order:

"Now on this 5th day of September, 1930, Re the adoption of Francis Zartman, No. A-6650, by Hiram L. Wubenhorst and Ruby C. Wubenhorst, his wife, it appearing to the court that Mrs. Ruby C. Wubenhorst drinks to excess and remains absent for many hours away from said baby, Francis Zartman (Wubenhorst), the court of its own motion sets aside the decree of adoption heretofore granted, and orders that the said Francis Zartman (Wubenhorst) be detained in the Evans Home, where it now is, and to remain until further consideration of this court."

Each of the appellants herein, the adopting parents of Francis Zartman, on learning of the action of the court in making and entering the judgment and order setting aside the decree of adoption, thereby severing the relation of parents and child between them and the child, promptly filed in said court their respective motions praying the court to set aside its order and judgment aforesaid of September 5, 1930, and to grant them a new trial or hearing therein and an opportunity to be heard on the question of and the causes for setting aside and annulling the decree of adoption as theretofore made and entered by the court. As grounds therefor said motions stated that said foster parents, these appellants, and each of them, had no knowledge and were not given any notice of any hearing on the question of revoking the decree of adoption or any opportunity to be present and be heard in regard thereto; that they had no knowledge whatever that the court was intending to take up or hear the question of dissolving the decree of adoption on the day it did so, and did not learn or know of the action or intended action of the court in regard to such matter till after the order and decree setting aside the decree of adoption was made and entered of record. These appellants filed their own affidavits and the affidavits of others in support of their motions, to the effect that the notice of the filing of the motion by William T. Alford as guardian *ad litem* of the minor child to set aside the decree of adoption was not in fact served on these appellants or their attorney till after the court, acting on its own motion, had made the order setting aside the decree of adoption; that no hearing whatever on that matter was had by the court; that while the attorney for appellants, who had acted for them in procuring the decree of adoption, was, to the knowl-

edge of Mr. Alford, present in another division of the court when the order annulling same was entered, neither Mr. Alford nor the court, nor anyone else, gave the appellants or their attorney any information that the court would make or had made such order until the next day thereafter. These appellants contended in the trial court, and do so here, that the action of the court in setting aside the decree of adoption without notice to appellants or giving them any right or opportunity to be heard in opposition thereto is violative of the due process of law provision of the State and Federal Constitutions and the like constitutional provisions guaranteeing to them the equal protection of the laws. We need not go into detail in this matter as the guardian *ad litem*, designated here as respondent, but really speaking for the court, does not controvert the appellants' claim that they had no notice of or opportunity to be heard in the matter of setting aside the decree of adoption. The action of the court in setting aside the decree of adoption of its own motion, in the absence of these appellants and without any notice or hearing of the matter, is justified solely on the ground that it was done at the same term of court at which the decree of adoption was entered, and that the court had the power and right to do so of its own motion and without any notice to interested parties or giving them an opportunity to be heard.

It will be noticed that the order or judgment of the court setting aside the decree of adoption previously made at the same term of court does not recite the presence of any of the interested parties or any hearing of the matter by the court, but merely that "it appearing to the court that Mrs. Ruby C. Wubenhorst drinks to excess . . . the court of its own motion sets aside the decree of adoption," etc. No reference whatever is made to the motion then on file of the guardian *ad litem* to have the decree of adoption set aside or information given why the court did not wait till the next day to hear the same when these appellants, the adopting parents, were notified, if at all, that the matter would be heard. If the court knew of that pending motion, it chose to disregard it entirely and act on its own motion without notice to anyone.

The record proper in this case in no way shows the source of the court's information as to the adopting mother drinking to excess and neglecting the adopted child or why the court acted in haste in setting aside the decree of adoption without giving anyone an opportunity to be heard. The respondent, however, in his brief and argument here asks this court to take judicial notice of the records and proceedings of this court in a *habeas corpus* proceeding had herein wherein the appellants applied for a writ of *habeas corpus* to obtain possession of the child, Francis Zartman. We are cited to a number of cases in which we have ruled that this court in considering a case

can take judicial notice of its own records and proceedings in other matters. [Custer v. Kroeger, 313 Mo. 130, 280 S. W. 1035, 1037; State ex rel. Ponath v. Hamilton (Mo.), 240 S. W. 445, 449; Runnels v. Lasswell (Mo. App.), 272 S. W. 1032, 1035.] Without inquiring into the extent to which we should do this, we have examined to some extent the records and proceedings there had and find that these appellants were claiming the right to the custody and control of this child under the decree of adoption, which we have noted, notwithstanding the subsequent order of the court setting the decree aside. The invalidity of the court's order and judgment setting aside the decree of adoption was asserted there, much as it is here, for want of any notice to or opportunity to be heard by the adopting parents. The *habeas corpus* case was against the judge of the court granting the adoption and the Evans Children's Home Finding Society, to which institution the child was returned by the adopting father, Hiram L. Wubenhorst, shortly before the time the decree of adoption was set aside, in obedience to a supposed order of the court to do so, though no such order appears to have been made. In that proceeding both of the adopting parents, appellants here, specifically deny under oath that Mrs. Ruby C. Wubenhorst had been guilty of "drinking to excess or remaining absent for many hours away from said baby" or neglected or failed in her duty to such child in any respect. The judge of the Juvenile Court in his return to the writ of *habeas corpus* merely set up the adoption proceedings, reciting that on the petition for adoption filed by these appellants the decree of adoption was granted; that during the same term of court the motion of the guardian *ad litem* to have the decree of adoption set aside was filed on September 4, 1930 (reciting that it would be for hearing on September 6), and that he, acting as judge of the Juvenile Division of said court, *of his own motion on September 5, 1930,* set aside the decree of adoption; that these appellants had promptly filed motions, supported by affidavits, for new trial and for a rehearing and to set aside the order and judgment setting aside and annulling the decree of adoption, which motions were overruled and refused by the court; that an appeal was thereupon granted to these appellants to the Supreme Court where the case was then pending. An appeal bond, acting as a *supersedeas,* was given, the child was returned to the custody of these appellants, and the *habeas corpus* proceeding was dismissed in this court by these appellants without any matter being adjudicated.

One contention of the appellants is that the Juvenile Court of Jackson County is a court of limited and special powers, a creature of the statute, and it cannot exercise any powers not specifically given. It is, therefore, argued that as the statutes, Sections 14073 to 14081, Revised Statutes 1929, relating to the adoption of children, do not

confer on such courts the general power to set aside or annul decrees of adoption, no such power exists. The trouble with this argument is in the false premise that juvenile courts are courts of limited and special powers. On the contrary, such a court is merely a division or branch of the circuit court, a court of general and common-law powers and jurisdiction. The statute Section 14073, specifying what court shall hear and determine cases involving the adoption of children, specifies the *juvenile division of the circuit court*. The Juvenile Court Act, of which Section 14162, Revised Statutes 1929, designates the courts which shall have jurisdiction of cases coming within the terms of the act, says that the Cape Girardeau Court of Common Pleas and circuit courts shall have such jurisdiction, and "may for convenience be called the juvenile court." Section 14137, Revised Statutes 1929, relating to juvenile courts in counties of fifty thousand population or over is to the same effect with the further proviso that the circuit judges of such county shall designate one of their number to hear and determine cases coming under such act. There is, therefore, no such thing as a juvenile court, but only a circuit court called by that name for convenience. The court, therefore, which heard this case and granted the decree of adoption and later made the order or judgment setting aside such decree was at all times the Circuit Court of Jackson County, with the jurisdiction and powers of such courts, limited by and to be exercised in conformity with the particular statutes, Sections 14073 to 14081, relative to the adoption of children. This is evidently what the court meant in Rochford v. Bailey, 322 Mo. 1155, 17 S. W. (2d) 941, 944, when it said: "The statute (Secs. . . .) comprehends within itself a complete scheme for the adoption of children; it is a code within itself." In the case of In Re (McFarland (Mo. App.), 12 S. W. (2d) 523, 527, a case like this one in that the State or public has an interest therein, the court said: "The so-called 'juvenile court' is but a division of the circuit court and is in fact presided over by the same judge. The statute gives to the *circuit court* original jurisdiction in all matters appertaining to the treatment and correction of delinquent minors, and when acting in that capacity it is called the juvenile court. [Sec. 1136, R. S. 1919.] The adoption statute itself refers to 'the juvenile division of the circuit court.' It is then not a separate court, but a division of the circuit court, which certainly has original, general, common-law jurisdiction. We perceive no sound reason for holding the Juvenile Division of the circuit court not to be a court of record from which a change of venue may be taken." In the recent case of State ex rel. MacNish v. Landwehr, 332 Mo. 622, 60 S. W. (2d) 4, 6, this court examined this question of the nature and powers of the so-called Juvenile Courts in this State and said: "Relator is wrong in

his contention that the complaint against Opal Brown was filed in the Juvenile Court because there is no such court. The statute does not create a Juvenile Court. The Juvenile Law, so-called, vests original jurisdiction of all cases arising under that law in the circuit court. . . . There being but one circuit court necessarily there is but one jurisdiction. The statute does not attempt to divide or parcel out this jurisdiction among the various divisions of the court. This being true, the logical conclusion is that each judge is a judge of the circuit court, and each division of the court has all the jurisdiction of the court of which it is a part, unless otherwise provided by law. . . . The provisions of this statute are consonant with the idea that each division of the circuit court possesses all the jurisdiction vested in the Circuit Court of the City of St. Louis by the Constitution and laws of the State, unless otherwise provided by law.''

■ What we have just said also answers the contention that the only power the court possessed to set aside a decree of adoption is that conferred by Section 14080, Revised Statutes 1929, providing for setting aside or annulling a decree of adoption by petition filed within five years after the adoption on the specified grounds there mentioned. Such statute merely enlarges the common-law grounds for setting aside such decrees.

■ The serious, and to our minds valid, contention of appellants is that the trial court, acting on its own motion and on information received *ex parte* and from an undisclosed source to the effect that one of the adopting parents had by her conduct rendered herself an improper person to have the care and custody of the adopted child, entered in court an order and judgment setting aside the decree of adoption, in the absence of, and unknown to, the adopting parents, without any notice to them whatever, unless it be the misleading one that such matter would be heard on a later date, and without giving such foster parents any opportunity to be heard as to the truth of the causes for so doing. We are not sure what effect the trial court intended its order and judgment setting aside the decree of adoption to have—whether it was intended thereby to annul the decree of adoption and finally and forever sever and dissolve the relation of parents and child, putting an end to the case, or whether the court intended to set aside the decree of adoption as made and let the petition for adoption and the case stand for another or further hearing on the merits. ■ Ordinarily we would say that the setting aside of a judgment or decree in a case, especially when done at the same term, would merely have the effect of granting a new trial of the case and would leave it stand for that purpose, the new trial to be on the case the same as if no hearing had been had or judgment entered. ''But the effect of setting aside such a judgment, in the

usual course of things, is to allow a new trial of the issues, or of some issue in the case." [State ex rel. Wendling v. Arnold, 197 Mo. App. 1, 7, 193 S. W. 292.] And further in that case the court said: "In the case under consideration we are of the opinion that the order made, which took away relator's judgment and left the case open for a trial of the issues anew by the court, if it saw fit, or for the court to take such further steps as would open up the entire case, or otherwise make it necessary that the controversy between the parties be again fully fought out, was an order comprehended within the meaning and intendment of the statute allowing an appeal from an order granting a new trial." In the case just mentioned there was a trial on the merits of the case pending in the circuit court, resulting in a judgment for defendant. Afterwards, but at the same term, the court of its own motion set aside the judgment, but refused to allow defendant an appeal from the order setting aside the judgment. The Court of Appeals, in a mandamus suit to compel the granting of an appeal, said: "The question presented is whether relator is entitled to prosecute an appeal from respondent's (judge's) order of September 30, 1916, setting aside the judgment which had been rendered, during the same term, in defendant's favor." The court there held that "we are persuaded that inasmuch as the judgment was one rendered after a trial of the issues joined in the case, an order vacating and setting aside the judgment is comprehended within the provisions of Section 2038, supra, allowing an appeal 'from an order granting a new trial.'" This court has at least recognized this to be the law. [See Reid v. Moulton (Mo.), 210 S. W. 34; Morris v. Morris, 60 Mo. App. 86.]

It follows, therefore, that these appellants had a right to appeal from the order or judgment of the Juvenile Court in setting aside the decree of adoption as being in effect the granting of a new trial. The appeal is direct from that order and it was not even necessary that appellants file a motion to have that order set aside.

█ The right and duty of this court to review on appeal the action of the trial court in setting aside its decree of adoption without notice to these appellants or giving them an opportunity to be heard in the matter is not taken away or restricted by the fact that such action was taken on the court's own motion and on its own information. That such courts have control of their own proceedings and judgments during the term and may set aside, open, vacate, or modify same of their own motion at the same term, cannot be questioned. [Rottmann v. Schmucker, 94 Mo. 139, 144, 7 S. W. 117, 119; Ewart v. Peniston, 233 Mo. 695, 710, 136 S. W. 422; Reid v. Moulton (Mo.), 210 S. W. 34; Paine v. O'Donnell, 191 Mo. App. 300, 178 S. W. 873, and a host of cases might be cited. 34 C. J. 207 and 232.]

■ However, orders setting aside or vacating judgments are not, generally at least, final judgments, being in the nature of orders granting new trials, and no appeal would lie from such action of the court prior to the enactment of our statute allowing appeals from orders granting new trials. So in our earlier cases and in many jurisdictions at the present day the only redress afforded to the injured party is to abide a new trial or the further action of the court resulting in a final judgment and then appealing from the whole case. Under our statute allowing appeals from orders granting new trials and equivalent actions of the court, the right of appeal and review accrues direct and at once and without awaiting any further action of the court. And this is true when the granting of the new trial or equivalent action of the court is had at the same term and of the court's own motion.

It must be remembered that in this case the court had in due course and procedure, and on notice to all parties concerned, heard the application of these appellants to be allowed to adopt this minor child; and on full hearing had entered its decree of adoption, finding all the necessary facts, including the good moral character of the applicants, and in the usual course of procedure the case was ended, saving to any party aggrieved the statutory right to file a motion for new trial within four days. Appellant's contention is that the trial court could not or at least should not thereafter, even during the same term, of its own motion and without notice to these adopting parents and in their absence and without affording them an opportunity to be heard thereon, enter an order and judgment setting aside the decree of adoption. We are persuaded that this contention, especially in view of our statute making such orders and judgments appealable, should be upheld. In Morris v. Morris, 60 Mo. App. 86, this question received consideration by one of the eminent judges of this State. That was a suit for divorce in which, like this case, the State or public had an interest as well as the parties themselves. In that case the court stated the facts thus: ''The trial court granted to the plaintiff a divorce upon his petition, which set out a proper statutory ground for such relief, and which was in other respects sufficient in law. The defendant was personally served in the action more than thirty days before the beginning of the term, but failed to appear. The plaintiff thereupon adduced evidence to entitle him to a decree. Subsequently, but at the same term, the court vacated the decree of divorce of its own motion, and the plaintiff appeals and complains that such action of the court was unwarranted. In vacating the decree, the court gave a written opinion. . . . In that opinion the court states that its reason for vacating the decree was the fact that, subsequently to granting it, another divorce proceeding was tried by the court, and the testimony heard in the other divorce proceeding

reflected so severely on plaintiff's moral character as to show conclusively, if true, that the plaintiff was not an innocent or injured party when he filed his own petition for divorce.'' On these facts the court then said: ''Divorce being a legal right, and a decree being obtained upon a sufficient petition and sufficient evidence, such decree cannot be vacated by the trial court of its own motion even during the term, unless some legal ground for so doing is shown. . . . Since the enactment of the statute (allowing appeals from orders granting new trials), however, that discretion is subject to the same review as any other order granting a new trial, because it would be absurd to hold that when a court grants a new trial on motion of a party aggrieved, its action is subject to a full review, and when it grants it of its own motion it is subject to a limited review only. . . . The testimony, therefore, which was elicited in the subsequent proceeding, and which, in the opinion of the judge, involved the plaintiff's moral character, was, as to him, wholly *ex parte* and merely hearsay. The plaintiff had no opportunity to meet or controvert it in any manner. Would it be contended that a judge had power to vacate during the term a judgment of debt, because some one informed him after its rendition that the debt had been paid prior to its rendition? To vacate a judgment or decree, without giving opportunity to the party who had obtained it to be heard, cannot be regarded as due process of law.'' To the same effect is Scales v. Scales, 65 Mo. App. 292, 294. In Coal Co. v. Lead & Zinc Co., 123 Mo. App. 249, 266, 100 S. W. 680, the court quoted from 1 Black on Judgments, section 303, as to the inherent power of courts to set aside and vacate its judgments and decrees at the term rendered, as follows: ''The method of procuring the vacation of judgments which is by far the most commonly used, at the present day, is the proceeding by application to the court which rendered the judgment, in the form of a motion, *with notice to the adverse party.*'' In Ault v. Bradley, 191 Mo. 709, 729, 90 S. W. 775, this court, speaking of Caldwell v. Lockridge, 9 Mo. 358, said: ''Afterwards at a subsequent day *of the same term* an order was made correcting the former order, disallowing the amount of the commission allowed by that order, the effect of the correction being to bring Caldwell $101.53 in debt to the estate. This order was made without any notice to Caldwell. Judge Scott, upon this state of the case, said: 'On what principle could it be said that he was in court after that time for any purpose? Beyond all question the county court during the term had authority to vacate the order that had been made. But that could only have been done according to the principles of justice. No one could be affected by proceedings of which he had no notice. It is a principle of universal justice that a judgment against a party without notice of the proceedings is purely void. Although the court may have jurisdiction of the cause, yet, if the de-

fendant is not affected with notice of the proceedings, he is not bound by them.' This statement of the law has received the approval of this court from that day until the present time. The last reference to it that has come under our observation was made in Aull v. St. Louis Trust Co., 149 Mo. l. c. 14, wherein it was again said that the court has power during the term to vacate any order made at the term, but can only do so after notice to the party to be affected is given.'' In Dougherty v. Manhattan Rubber Co., 325 Mo. 656, 29 S. W. (2d) 126, 128, this court quoted with approval from State v. Sutton, 232 Mo. 244, 248, 134 S. W. 663, this statement of the law: ''This court has heretofore refused to sanction the practice of trial courts in changing or modifying final judgments, even during the term at which they were entered, without notice to the litigants whose interests are affected, but who are no longer in court.''

It seems that the motion of the guardian *ad litem* to set aside the decree of adoption was not acted on and is yet pending. Without indicating what action the court should take thereon, we merely note that such motion stands for hearing, giving these appellants due opportunity to be heard. The case is reversed and remanded to be proceeded with in conformity with this opinion. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All the judges concur.