IN RE ADOPTION BILLY GENE SNOW; FRED WILLIAM RYSER ET AL., PETITIONERS, v. DOROTHY SNOW (POARCH), APPELLANT.—41 S. W. (2d) 627.

Kansas City Court of Appeals. May 4, 1931.

*W. T. Alford* for respondent.

*Sebree, Jost & Sebree* and *Mord M. Bozie* for appellant.

CAMPBELL, C.—Petitioners, who are husband and wife, brought this proceeding praying for the adoption of Billy Gene Snow, a male child twenty-six months of age.

The petition contains all necessary averments to support the judgment rendered in the cause.

Dorothy Snow, the mother of said child, is referred to in the record as the defendant, and we shall so speak of her. She was duly notified of the filing of the petition, appeared and filed answer, in which it

is averred that she had not abandoned the child as alleged, and that she did not consent to the adoption; that said child was the offspring of what she in good faith believed to be a valid marriage, but which she later learned was not so; that the petitioners are not of good character, are immoral, and had been guilty of numerous immoral acts; that the petitioners are not able financially to support and maintain said child.

Petitioners counsel was appointed guardian *ad litem* of the child and filed answer in that capacity. The case was tried, resulting in a decree of adoption as prayed by the petitioners. From that judgment the defendant appeals.

Plaintiffs' evidence is that they have a good home in Kansas City, Missouri, have been married six years, and have no children; that they were able to support, care for and educate the child; that they have had the custody of the child for a period of about eighteen months before the trial; that they took the child at the request of a friend and of a sister of the defendant; that while in the beginning the mother was "supposed" to pay five dollars a week for the support of the child, she did not do so, and that petitioners had never demanded payment and did not consider that the mother owed them anything for the care of said child; that they had an affection for him and desired to adopt him under the name Fred William Ryser; that defendant stayed at their home for a short time and paid them ten dollars therefor, but never contributed anything to the support of the child and told them they could adopt him. It was shown that petitioners were of good character and reputation and were properly caring for the child. One of their witnesses said: "I know Mrs. Ryser and she has given the child wonderful care, and seems to have much affection and interest in it, she takes it out for a walk every day or so and is careful about its feeding."

There was evidence that, after the petitioners had the custody of the child, defendant was guilty of immoral acts; that she had neglected to provide maintenance for him for a period of more than two years before the institution of the proceeding. The defendant's evidence runs counter to that of the petitioners, but it is not sufficient to overcome the finding and judgment.

In proceedings of this character "the child's welfare should be the chief consideration in determining who shall have his final custody. The rights of the natural parents are superior over others, but the welfare of the child is superior to the claims of the parent, and even to the wish of the child itself." [Thompson v. Arnold, 208 Mo. App. 102, 106, 230 S. W. 322.]

The learned trial judge was, of course, in the determination of the issues, mindful of the foregoing rule, and inasmuch as he was the only

342

judicial officer who saw the witnesses, and who, for that reason, was best able to judge of the weight to be given to their testimony, we will defer to and adopt his finding and judgment.

Motion to amend the judgment *nunc pro tunc* was filed and sustained. Defendant argues the evidence offered on the motion was not sufficient to justify the amendment. The error, if any, in that respect was not called to the attention of the court by motion for new trial. We can therefore not pass on the sufficiency of the evidence to support the ruling.

It is also assigned as error that the answer of the guardian *ad litem* was not filed until after evidence had been heard. No complaint of such failure is stated in the motion for new trial. It is also argued that it was error for the court to appoint petitioners counsel as guardian *ad litem*. No complaint on that subject appears in the motion for new trial, but, on the contrary, it is recited in said motion that the court failed and neglected to appoint a guardian *ad litem* for the child before the trial of the cause. The guardian *ad litem* was appointed on the 24th day of February, 1928, and the trial of the cause was begun on the 25th day of October, 1928.

The finding and judgment below is approved and adopted. The judgment is affirmed. The Commissioner so recommends. *Boyer C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except, *Trimble, P. J.,* absent.