In the Matter of Margaret Ruth McDUFFEE (Formerly Known as Margaret Ruth Bramble), a Minor.

John W. McDUFFEE and Virginia McDuffee, Petitioners, Appellants,

v.

Arthur K. REHM, Guardian ad litem for Margaret Ruth McDuffee (Formerly Known as Margaret Ruth Bramble), a Minor, Respondent.

No. 30557.

St. Louis Court of Appeals. Missouri.

Dec. 20, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 13, 1961.

F. X. Cleary, Paul S. Brown and Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for appellants.

Arthur K. Rehm, Clayton, for respondent.

ANDERSON, Judge.

This is an action to annul a decree of adoption filed in the Juvenile Division of the Circuit Court of St. Louis County.

Petitioners are the adoptive parents, and respondent is the duly appointed guardian ad litem of the adopted child. As such guardian respondent filed a motion to dismiss the petition on the ground that said petition failed to state a claim on which relief could be granted. The trial court sustained this motion and ordered the petition dismissed. From said order petitioners have appealed.

The petition was filed November 19, 1958. In it petitioners allege that on April 12, 1956, the Circuit Court of St. Louis County granted to petitioners a decree of adoption of the minor child Margaret Ruth Bramble, and decreed that the name of said child be changed to Margaret Ruth McDuffee. It was further alleged:

"3. That Margaret Ruth McDuffee is an 11 year old child who is suffering from mental disturbance and the existence thereof is demonstrated by anti-social behavior, poor development of conscience and complete lack of guilt over said behavior. Further, said child needs protective environment of an institutional kind for her own welfare and that of society.

"4. That said serious mental disturbance of said child had its beginning at an early age when damage to her personality and character occurred prior to her being placed in custody of petitioners and prior to the decree of adoption heretofore granted.

"5. That it would be to the best interest of said child that the aforesaid decree of adoption be annulled and said child be placed in the custody of an institution equipped to handle her mental instability with its attendant behavior pattern."

The prayer of the petition was that the decree of adoption be annulled and that all rights and obligations that may have accrued by reason of said adoption be set aside.

Appellants contend that the trial court erred in sustaining respondent's motion to dismiss their petition. In this connection it is insisted that by averring the fact of adoption, the fact of mental disturbance requiring institutional care, personality and character damage, the origin of which pre-dated the adoption, and the further aver-ment that an annulment would be in the best interest of the child, the petition stated a cause of action.

Respondent takes the position that no cause of action was stated for the reason that none of the statutory grounds for an-nulment were pleaded and, since the pe-tition was not filed during the thirty day period following the entry of judgment, the court was without authority to set aside or vacate the decree of adoption on the grounds alleged in said petition.

■ It is a familiar fact that adoption was unknown at common law and that the subject is wholly governed and strictly lim-ited by statute. In re Watson's Adoption, 238 Mo.App. 1104, 195 S.W.2d 331. The statutes governing adoption in this state are to be found in Chapter 453 RSMo 1949, V.A.M.S. Section 453.130 of that chapter authorizes annulment of adoption decrees under certain circumstances. It reads as follows:

"Whenever a person adopted under the provisions of this chapter shall de-velop venereal infection as a result of conditions existing prior to the time such person was adopted, or shall de-velop feeble-mindedness or epilepsy, or shall prove to be a member of a race, the members of which are prohibited by the laws of this state from marriage with members of the race to which the parents by adoption belong, a peti-tion setting forth such facts may be filed at any time within five years after such adoption with the court which decreed the adoption, and if on a hearing the facts in such petition are established, the said court may enter

a decree annulling the adoption and setting aside any and all rights and obligations that may have accrued by reason of said adoption."

The petition in the case at bar does not set forth, as grounds for annulment, any of the factual circumstances enumerated in section 453.130, supra. But appellants contend that the court is not limited to the statutory grounds, but may decree an annul-ment based upon other grounds where the best interest of the child would be served by so doing. And it is insisted that ap-pellants have alleged facts which, if estab-lished by evidence, would warrant a deci-sion that the best interest of the child would be served by severing the parent and child relation by reason thereof.

Appellants cite as an authority in support of their contention the case of In re Zart-man's Adoption, 334 Mo. 237, 65 S.W.2d 951. In that case it appears that on May 6, 1930, appellants filed their petition in the circuit court for permission to adopt Fran-cis Zartman, a minor. The cause was there-after assigned to the Juvenile Division of the Court. A guardian ad litem was ap-pointed for the minor, answer filed, and a hearing had on the petition. The hearing resulted in a decree of adoption. There-after the guardian filed a motion for new trial alleging that it had been brought to his attention that the adoptive mother was unfit morally to have said child, and prayed for a hearing on said motion for September 6, 1930. On September 5, 1930, the court of its own motion, without notice to the parties, entered an order setting aside the adoption, stating as grounds therefor that the adopting mother "drinks to excess and remains absent for many hours from said baby." This order was made during the same term the decree of adoption was en-tered. The Supreme Court held that it was error to enter the order setting aside the decree without notice to the adopting parents, and granting them an opportunity to be heard. The Court then noted that the guardian ad litem's motion to set aside the

decree had not been acted on and was still pending; that said motion stood for hearing after proper notice to appellants and after an opportunity had been accorded them to be heard. The cause was remanded to be proceeded with in conformity to the court's opinion.

One contention of the appellant in the above case was that the Juvenile Court of Jackson County was a court of limited and special powers, and could not exercise any powers not specifically delegated to it. From that premise it was argued that the only power the court possessed to set aside a decree of adoption was that conferred by section 14080 R.S.1929 (now section 453.-130 RS 1949, V.A.M.S.). The court held, however, that the Juvenile Court was merely a division of the Circuit Court, a court of general jurisdiction, and in disposing of the point made, said:

"What we have just said also answers the contention that the only power the court possessed to set aside a decree of adoption is that conferred by section 14080 R.S.1929 (Mo.St.Ann. § 14080, p. 828), providing for setting aside or annulling a decree of adoption by a petition filed within five years after adoption on the specified grounds there mentioned. Such statute merely enlarges the common-law grounds for setting aside such decrees." 65 S.W. 2d 951, loc. cit. 954.

■ It will be noted that the order in the Zartman case setting aside the decree was entered during the judgment term, and for that reason the court had the authority, on its own motion, to modify or set aside the judgment as justice might require. Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Mo.App., 233 S. W.2d 757, loc. cit. 758. In such a case it would seem logical to hold that since the judgment was not final, it could be set aside on any ground which might bear on the propriety of the adoption, and the rule that

the best interests of the child is of paramount importance should be a controlling factor in the consideration of the matter. In re Snow's Adoption, 226 Mo.App. 340, 41 S.W.2d 627, Section 453.030 RSMo 1949, V.A.M.S. But in the case at bar we are not dealing with an original adoption which has not become final, but with a proceeding in which petitioners seek to annul a decree which no longer rests within the breast of the court. In view of the factual difference between the case at bar and the Zartman case it is our opinion that the latter lends no support to appellants' contention that a court may at any time annul a final decree of adoption on grounds other than those enumerated in section 453.130, supra. The effect of the statute (453.130) is to extend the jurisdiction of the court beyond the ordinary period during which it retains jurisdiction for the purpose of setting aside judgments in adoption cases, by granting to it power, after that period, to annul decrees on the grounds enumerated—a power it did not possess under the law prior to the enactment of the statute. That, in our opinion, is what the court in the Zartman case meant by the language which we have heretofore quoted.

■ In the case at bar the decree of adoption was entered on April 12, 1956. The petition for annulment was filed November 19, 1958, long after the decree of adoption became final. At that time the court could proceed only under the statute (453.130) and under a petition alleging factual circumstances that would warrant relief under the statute. The petition failed to state such a case. The grounds alleged are not among those enumerated by the statute. For that reason the trial Court did not err in sustaining respondent's motion to dismiss.

The judgment is affirmed.

WOLFE, P. J., and O. P. OWEN, Special Judge, concur.