In the Matter of Margaret Ruth McDUF-
FEE (Formerly Known as Margaret Ruth
Bramble), a Minor.

John W. McDUFFEE and Virginia McDuffee,
Petitioners, Appellants,

v.

Arthur K. REHM, Guardian ad Litem for
Margaret Ruth McDuffee (Formerly
Known as Margaret Ruth Bramble), a
Minor, Respondent.

No. 48712.

Supreme Court of Missouri,

En Banc.

Dec. 11, 1961.

Arthur K. Rehm, Clayton, Guardian ad
litem for Margaret Ruth McDuffee, a
Minor; and for respondent.

F. X. Cleary, Paul S. Brown, Moser,
Marsalek, Carpenter, Cleary, Jaeckel &
Hamilton, St. Louis, for appellants.

HOLLINGSWORTH, Judge.

This action was brought in the Circuit
Court of St. Louis County on November

19, 1958, to annul a decree of adoption of a minor child rendered in the juvenile division of that court on April 12, 1956. The petitioners, husband and wife, are the adoptive parents and the respondent is the duly appointed guardian ad litem of said child. The trial court, on motion of the guardian ad litem, dismissed the petition for failure to state a claim on which relief could be granted. Petitioners appealed to the St. Louis Court of Appeals, where the judgment of the trial court was affirmed. 341 S.W.2d 315. Thereafter, on application of petitioners, the cause was transferred to this court in accordance with the provisions of Art. V, § 10, of the Constitution of Missouri, V.A.M.S., and S.Ct. Rule 84.05, V.A.M.R.

The petition alleged:

"1. That, on April 12, 1956, [the Juvenile Division of the Circuit Court of St. Louis County], upon evidence and proof adduced and upon the report and answer of a duly appointed acting guardian ad litem for Margaret Ruth Bramble, found as follows:

"A. That Omar Lee Bramble and Goldie Juanita Bramble, his wife, are the father and mother of Margaret Ruth Bramble and that for more than one year before the filing of the petition for adoption, to wit, since December 10, 1954, did willfully abandon said Margaret Ruth Bramble and did willfully neglect to provide her with proper care and maintenance.

"B. That the Juvenile Division of the Circuit Court of Pettis County, Missouri on December 21, 1954, committed the custody of said child to the Children's Home Society of Missouri, a charitable corporation of Missouri.

"C. That said child, having been placed with petitioners by said society for a period of probation prior to adoption, was in lawful and actual custody of petitioners for more than nine months prior to the entry of this decree of adoption.

"D. That said society consented in writing to the adoption of said child by petitioners.

"2. That [the Juvenile Division of the Circuit Court of St. Louis County] ordered and decreed that petitioners' petition for adoption of Margaret Ruth Bramble be approved, and that from said date of April 12, 1956, said child was the child of petitioners as fully as though born to them in lawful wedlock, and the Court further decreed that the child's name of Margaret Ruth Bramble be changed to Margaret Ruth McDuffee.

"3. That Margaret Ruth McDuffee is an 11 year old child who is suffering from mental disturbance and the existence thereof is demonstrated by anti-social behavior, poor development of conscience and complete lack of guilt over said behavior. Further, said child needs protective environment of an institutional kind for her own welfare and that of society.

"4. That said serious mental disturbance of said child had its beginning at an early age when damage to her personality and character occurred prior to her being placed in custody of petitioners and prior to the decree of adoption heretofore granted.

"5. That it would be to the best interest of said child that the aforesaid decree of adoption be annulled and said child be placed in the custody of an institution equipped to handle her mental instability with its attendant behavior pattern."

The prayer was that the decree of adoption be annulled and that all rights and obligations that accrued by reason thereof be set aside and for such further and

other relief as to the court should seem meet and proper.

Appellants contend that the trial court erred in sustaining respondent's motion to dismiss "for the reason that appellants, by averring the fact of adoption, the fact of mental disturbance requiring institutional care, personality and character damage, the origin of which predated the adoption, and further averring that an adoption annulment would be in the minor child's best interest, have stated facts sufficient for the trial court to exercise its power to annul or revoke its former adoption decree."

Respondent says the trial court correctly ruled the motion and that once adoption was validly decreed on April 12, 1956, which under Section 510.370 RSMo 1959, V.A.M.S. (superseded by St.Ct. Rule 75.01), became a final judgment after the expiration of 30 days, the trial court was without jurisdiction to set it aside on any ground other than those specified in Section 453.130 RSMo 1959, V.A.M.S. (All statutory references herein are to said revision unless otherwise indicated.) That section provides:

"Whenever a person adopted under the provisions of this chapter shall develop venereal infection as a result of conditions existing prior to the time such person was adopted, or shall develop feeble-mindedness or epilepsy, or shall prove to be a member of a race, the members of which are prohibited by the laws of this state from marriage with members of the race to which the parents by adoption belong, a petition setting forth such facts may be filed at any time within five years after such adoption with the court which decreed the adoption, and if on a hearing the facts in such petition are established, the said court may enter a decree annulling the adoption and setting aside any and all rights and

obligations that may have accrued by reason of said adoption."

Concededly, the petition here does not allege and appellants do not contend that it is predicated upon any of the grounds enumerated in § 453.130. Appellants' position is that the jurisdiction of the circuit court is not limited to the grounds enumerated in § 453.130; that in instances such as is pleaded in this case, the circuit court may annul adoption decrees upon such grounds as would entitle a court of equity to vacate any other decree; and that one of the grounds generally recognized and accepted as warranting the exercise of equitable jurisdiction to annul a prior valid adoption is plea and proof of facts demonstrating that annulment will best promote the welfare of the child.

In addition to numerous citations from the courts of other states, appellants also rely upon the case of In re Zartman's Adoption, 334 Mo. 237, 65 S.W.2d 951, in support of their contention that jurisdiction of the circuit court to annul a decree of adoption is not limited by § 453.130. In that case, the petition of Wubenhorst and his wife to adopt Zartman, a minor, was filed in, heard by and, at the May 1930 Term of the Juvenile Division of the Circuit Court of Jackson County, sustained and adoption as prayed was decreed. Thereafter, *at the same term,* the guardian ad litem filed a motion to set the decree aside on grounds of unfitness of one of the petitioners to be an adoptive parent, which motion was set for hearing *at the same term* on September 6, 1930, due notice of which was given to the petitioners. Prior to that date, however, the trial court, acting of its own motion and without notice, set the decree aside. Upon learning of the action of the court, petitioners moved to set aside the latter order and for a hearing on the merits. The trial court denied the motion and petitioners appealed to this court. One of the grounds urged on appeal was that the juvenile court of Jackson County was a

court of limited powers, a creature of statute, and that the only powers given it with reference to annulment of adoption decrees were those enumerated in § 14080 R.S. 1929, which now is § 453.130, supra. The Supreme Court disposed of that contention adversely to the appellants by holding that the statutes relating to adoption constituted a complete code within themselves, jurisdiction of which was vested in the juvenile division of the circuit court, and that, inasmuch as the petition for adoption was heard, adoption was decreed and thereafter set aside in a division of the Circuit Court of Jackson County, for convenience designated the Juvenile Division, that division was vested with all of the jurisdiction of the circuit court of which it was a part. So concluding, the court said of § 453.130 (then § 14080 R.S. 1929), loc. cit. 65 S.W.2d 954: "What we have just said also answers the contention that the only power the court possessed to set aside a decree of adoption is that conferred by section 14080, R.S.1929 (Mo. St.Ann. § 14080, p. 828), providing for setting aside or annulling a decree of adoption by petition filed within five years after the adoption on the specified grounds there mentioned. Such statute merely enlarges the common-law grounds for setting aside such decrees."

In considering the extent to which the above quoted portion of the opinion of this court in the Zartman case should control the disposition of this case, the Court of Appeals noted that notwithstanding the above quoted statement this court nevertheless had gone on to hold the decree of annulment rendered in that case was void for lack of due process and remanded the case for hearing on the merits. This fact led the Court of Appeals to conclude and hold, 341 S.W.2d l. c. 318: "But in the case at bar we are not dealing with an original adoption which has not become final, but with a proceeding in which petitioners seek to annul a decree which no longer rests within the breast of the court. In view of the factual difference between the case at bar and the Zartman case it is our opinion that the latter lends no support to appellants' contention that a court may at any time annul a final decree of adoption on grounds other than those enumerated in section 453.130, supra. The effect of the statute (453.130) is to extend the jurisdiction of the court beyond the ordinary period during which it retains jurisdiction for the purpose of setting aside judgments in adoption cases, by granting to it power, after that period, to annul decrees on the grounds enumerated—a power it did not possess under the law prior to the enactment of the statute. That, in our opinion, is what the court in the Zartman case meant by the language which we have heretofore quoted." For the reasons hereinafter stated, we cannot agree with that conclusion.

■ It is often asserted that adoption of children was unknown at common law and the subject is generally said to be governed and limited by the statutes. See opinion, Court of Appeals, this case, 341 S.W.2d 315, 317 [1], and authorities therein cited. Other than the statement made by this court in the Zartman case, supra, there is a dearth of direct authority in this state as to the circumstances under which a decree of adoption may be set aside. But we entertain no doubt that the broad equitable powers vested in our courts of general jurisdiction (and which are also vested with jurisdiction of the laws of this state relating to adoption) empower them to vacate a decree of adoption upon any of the classical grounds that entitle such courts to vacate any other decree, such as judgments procured by fraud or to prevent injustice where such final judgments were the result of unavoidable accident or excusable mistake. Johnson v. Stull, Mo., 303 S.W.2d 110, 115; Contrare v. Cirese, Mo., 336 S.W.2d 485, 489; and Nealon v. Farris, Mo.App., 131 S.W.2d 858, which considered the question of annulment of a prior valid decree of adoption.

## 27

The appellate courts of several of our sister states have held that in cases where the court which granted a valid adoption is a court of limited jurisdiction it may not thereafter annul its former valid decree, in the absence of specific statutory authority so to do. Coonradt v. Sailors, 186 Tenn. 294, 209 S.W.2d 859, 2 A.L.R.2d 880; In re McDevitt, 176 App.Div. 418, 162 N.Y.S. 1032. Both of these cases agree, however, that a court of equity has power to set aside a decree of adoption where it is to the best interest of the adopted child and particularly where all parties in interest agree. None of these cases is, however, dispositive of the precise question presented in this case. No contention is made that fraud, accident or mistake entered into the rendition of the decree here sought to be annulled. Appellants' motion pleads a valid decree of adoption and seeks to set it aside upon the ground that the "best interest" of the child, weighed in the light of the facts pleaded, will be thereby served.

The sole ground upon which adoption may be decreed in this state is that prescribed by § 453.030, which provides: "In all cases the approval of the court of the adoption shall be required and such approval shall be given or withheld as the welfare of the person sought to be adopted may, in the opinion of the court, demand." The question is, therefore, does the circuit court, inherently possessed of broad equitable powers and further vested by statute with jurisdiction to decree or withhold adoption solely upon the basis of the welfare of the person sought to be adopted, have jurisdiction, in the proper case, to annul thenceforward a priorly rendered valid decree of adoption upon finding that the welfare of the child now demands that the adoption thenceforth stand vacated?

Research of the cases and comment found in the following authoritative references has convinced us that upon clear showing that the higher welfare of the child demands such action courts of equity may so annul a valid decree of adoption: Annotation, 2 A.L.R.2d pp. 888–912; 2 C.J.S. Adoption of Children § 45 pp. 433–437; 1 Am.Jur., Adoption of Children, § 72, p. 671.

The cases cited and discussed in the extended annotation in 2 A.L.R.2d pp. 888–912, clearly support the following conclusions: that, inasmuch as the welfare of the child (which frequently requires consideration of many factors) is ever paramount in *decreeing* adoption, the same principle is likewise a major factor to be considered in connection with such other factors affecting justice and fairness to all persons concerned as shall, in the sound discretion of the chancellor, determine the merits of an action to *annul* thenceforward a prior valid decree of adoption. Despite, however, the primacy of the welfare of the child as grounds for adoption or annulment, the courts evince a decided reluctance to annul such a decree and especially is that the case where the annulment is sought by the adoptive parents. Thus, in Buttrey v. West, 212 Ala. 321, 102 So. 456, the court denied the adoptive parents' petition to annul their declaration of adoption of a then 20-months' old child and presently 12 years of age upon grounds that she was "disobedient", "disrespectful", "incorrigible and recalcitrant". And, in the absence of some compelling reason not here shown, we think it should never be done solely at the instance of the adoptive parents (in cases other than those enumerated in § 453.130) where the child would be cast aside to become a public charge and the adoptive parents freed of the obligations of parenthood by them voluntarily assumed in obtaining the adoption. See Coonradt v. Sailors, 186 Tenn. 294, 209 S.W.2d 859, 861, 2 A.L.R.2d 880, 885.

Considered in the light of the conclusions above reached, the petition in the instant case is clearly insufficient. Assuming that, as alleged, the child is mentally

disturbed and in need of institutional care, petitioners' plea that annulment of the obligations of parenthood placed upon them by adoption is in the best interest of the child is utter non sequitur. Countless parents find themselves confronted with similar situations. In most instances, to the extent of their means and, when necessary, by acceptance of such aid, public or private, as is available, they achieve the crowning satisfaction of procuring the treatment needed by such children. The record in this case shows that the natural parents abandoned their child. It cannot now be in the best interest of that child that a court of equity, on petition of its adoptive parents, decree it a similar fate.

The judgment of the trial court was for the right party and is affirmed.

All concur.