Deloris Irene SIMPSON, Plaintiff-Appellant,

v.

John F. RUSHING and Alice L. Rushing, his wife, Defendants-Respondents.

No. 9043.

Springfield Court of Appeals, Missouri.

Oct. 11, 1971.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 29, 1971.

Application to Transfer Denied Dec. 13, 1971.

Cyril M. Hendricks, Fowlkes & Hendricks, Caruthersville, for plaintiff-appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for defendants-respondents.

HOGAN, Judge.

This appeal is taken from an order of the Circuit Court of Pemiscot County dismissing plaintiff's petition to vacate a decree of adoption entered by the juvenile division of that court on October 4, 1966. It is specified that the order of dismissal is with prejudice.

The abbreviated transcript filed here shows that on October 14, 1969, the plaintiff filed a petition in the juvenile division of the Circuit Court of Pemiscot County praying that the court grant her custody of Dianne Faith Rushing, a female child about sixteen years of age, and Dennis Lyle Rushing, a male child about ten. The petition for custody further declares that the plaintiff is the natural mother of the children; that they were adopted by the defendants with plaintiff's consent on October 4, 1966; and that the adoptive parents had consented to plaintiff's readoption, so to speak, of the children. Attached to this petition was a consent of the adoptive parents, pertaining only to Dianne Faith Rushing, in which it was stated that Mr. and Mrs. Rushing had adopted the children on October 4, 1966, and the instrument recited further that the adoptive parents "do hereby release and relinquish all our rights as adoptive parents of this minor child and do hereby give our full and free consent to the adoption of said child by Delores Irene Simpson of 402 West Holbrook Avenue, Flint, Michigan, and I hereby waive appearance, notice and summons relating to any Court hearing respecting the adoption of said child by the said Delores Irene Simpson." This instrument was signed and acknowledged as required by § 453.030(3), RSMo 1969, V.A.M.S.,[1] but no consent on the part of the elder child, Dianne, was filed as required by § 453.030(2). The petition further recited that a petition for adoption was thereafter to be filed. On October 24, 1969, the plaintiff filed a petition to vacate

---

1. All references to statutes and rules are to this revision, V.A.M.S. and V.A.M.R., unless otherwise noted.

the decree of adoption, alleging as grounds that her consent to the decree of adoption had been obtained by the defendants' false and fraudulent representation that they "would allow [plaintiff], the natural mother of said children, to have the children back at a later date whenever [plaintiff] asked for them." The motion to vacate alleged that demand for the return of the children had been made on August 1, 1969, and that plaintiff had been supporting the children at all times since the entry of the decree of adoption. The final paragraph alleged that "it would be in the best interest of said children" for the decree to be set aside.

The defendants filed a motion to dismiss the petition for annulment, in part on the ground that the court had no jurisdiction to grant the relief sought. This motion was denied, and the defendants applied to this court for a writ of prohibition, which we issued, restraining the respondent judge, Honorable William L. Ragland, from further action *as juvenile judge*, with the further provision in the permanent writ that it did not restrain nor prohibit further exercise of legal or equitable jurisdiction over any like or similar matter which might come before respondent as Judge of the Thirty-fourth Judicial Circuit. The writ was made permanent on January 7, 1970.

Thereafter, the plaintiff filed a petition in the Circuit Court of Pemiscot County, setting up the decree of adoption entered on October 4, 1966; alleging further that she is the natural mother of the children, and that she consented to the adoption; and further averring that her consent was obtained by fraud in that the defendants " * * * represented to the plaintiff that the reason for obtaining an Adoption was to obtain an increase in Social Security payments for the defendants and that the children would be returned to the plaintiff at a later date, if she asked to have the children back." Plaintiff again alleged that she had supported the children at all times since their adoption, and that it

would be in the best interest of said children to annul the adoption and restore their custody to her. The defendants again moved to dismiss the petition on the grounds, among others: (1) that the court had no jurisdiction to grant the relief requested; (2) that the petition failed to state a claim for relief; and (3) that the whole matter of the plaintiff's right to have the decree of adoption revoked or annulled was res judicata because this court had issued its writ of prohibition as indicated. The trial court sustained the defendants' motion with prejudice, but without specifying the grounds for its action.

 Our issuance of our limited writ of prohibition did not, of course, have the effect which defendants ascribe to it. The primary question for consideration in any prohibition proceeding is whether the subject matter of the proceeding in which judicial action is sought to be prohibited lies within the court's jurisdiction, or, if it does, whether the particular act to be stayed will exceed the court's jurisdiction, State ex rel. Caldwell v. Cockrell, 280 Mo. 269, 281, 217 S.W. 524, 528 [1], and therefore questions going to the merits of the case in the lower court are ordinarily neither considered nor determined. State ex rel. Gavin v. Muench, 225 Mo. 210, 227, 124 S.W. 1124, 1129 [2]; State ex rel. Walker v. Crouse, 240 Mo.App. 389, 390–391, 205 S.W.2d 749, 750 [1]. Although many points were advanced in the informal suggestions accompanying the petition for the writ in this instance, the petition sought prohibition solely upon the ground that the juvenile division of the circuit court lacked jurisdiction to annul the adoption on the grounds pleaded. No issues of fact were made up or decided, and we issued our limited permanent writ because, as we read and understand In re McDuffee, Mo., 352 S.W.2d 23, the juvenile division of the circuit court, as a court of limited jurisdiction, can annul its former decree only for the reasons and within the time specified in § 453.130. In re McDuffee, supra, 352 S.W.2d at 27. Since

the plaintiff set up none of the grounds specified in § 453.130, we concluded the juvenile division of the circuit court was without jurisdiction to annul its decree. That was the only issue tendered and the only issue decided in the prohibition proceeding.

In the *McDuffee* case, the court explicitly held that our courts of general jurisdiction—which we take to mean our circuit courts—may vacate a decree of adoption "* * * upon any of the classical grounds that entitle such courts to vacate any other decree, such as judgments procured by fraud or to prevent injustice where such final judgments were the result of unavoidable accident or excusable mistake," and further explicitly held "* * * that upon clear showing that the higher welfare of the child demands such action courts of equity may so annul a valid decree of adoption." In re McDuffee, supra, 352 S.W.2d at 26–27 [1] [2]. The question then is whether plaintiff's petition filed in circuit court alleges grounds upon which a court of general equitable jurisdiction might annul or vacate a decree of adoption.

■ We are inclined to agree with defendants' contention that plaintiff's petition does not plead the kind of fraud, accident or mistake for which a judgment can be vacated. Plaintiff's averment is that she consented to defendants' adoption of her children so the defendants could obtain an increase in "Social Security" payments. She does not plead that the nature of the action was misrepresented to her or that she did not understand the effect of the instrument she was signing. We agree with the defendants that if it was the intention of the parties to induce the court to act and create the relationship of parent and child between plaintiff's children and the defendants merely to obtain additional public assistance for defendants, the plaintiff's action in signing the consent amounted to a fraud upon the court, and she is in no position to complain of her own fraud or deception in inducing the court to act. Crane v. Deacon, Mo., 253 S.W. 1068, 1072 [6] [9]; In re List's Adoption, 418 Pa. 503, 211 A.2d 870, 877 [11].

■ We cannot agree, however, that the petition is wholly insufficient to invoke the jurisdiction of the court. We are aware that courts are extremely reluctant to vacate a decree of adoption, but it was specifically held in the *McDuffee* case, supra, 352 S.W.2d at 27 [2], and it is generally recognized that such decree may be vacated upon a clear showing that the welfare of the child so demands. Anno., 2 A. L.R.2d 887, 891–892, § 3 (1948). We do not say that defendants would not be entitled to have plaintiff's grounds for vacation of the decree more definitely stated upon proper motion for a more definite statement pursuant to Rule 55.34, but we do not believe the allegation that vacation of the decree would be in the best interest of the children is so bare and conclusory that the jurisdiction of the court was not invoked. The rule is that if the averments invoke substantive principles of law which entitle the plaintiff to relief, the petition should be held sufficient on motion to dismiss, even though there may be a lack of certainty or definiteness in allegation or an informality in the statement of an essential fact. Myers v. City of Palmyra, Mo., 355 S.W.2d 17, 18 [3]; Hiltner v. Kansas City, Mo., 293 S.W.2d 422, 424 [2] Phillips v. Carroll, Mo.App., 379 S.W.2d 143, 145 [5]. In our opinion, the petition was sufficient to state a claim upon which relief could be granted.

TITUS, P. J., and STONE, J., concur.