**J. H. B., Plaintiff-Respondent,**

v.

**K. M. H., Defendant-Appellant.**

No. 10587.

Missouri Court of Appeals,
Springfield District.

April 4, 1978.

Motion for Rehearing Denied
April 25, 1978.

Johnson & Berry, Neosho, for plaintiff-respondent.

Leo W. Schrader, Joplin, for defendant-appellant.

**PER CURIAM:**

The widowed 33-year-old natural mother of two girls, married a 21-year-old man in June 1974. The couple became the adoptive parents of the girls, then aged 9 and 8, in October 1975 and less than a year later, in August 1976, the marriage was dissolved and the mother's former married name was restored. Thereafter, in November 1976, the mother instituted this equitable action in the Circuit Court of Newton County to set aside and vacate the decree of adoption previously made by that tribunal. The court entered its order setting aside the earlier decree of adoption and the adoptive father has appealed.[1]

In substance, appellant's first point relied on is that the trial court erred in not dismissing the mother's petition because it failed to state a claim upon which relief could be granted. It suffices for our purposes to note that after alleging several facts and particulars as to why the decree of adoption should be annulled and set aside, the petition concluded "[t]hat the granting of this petition would be in the best interests of said two minor children." This was sufficient to invoke the jurisdiction of the court. *Simpson v. Rushing,* 472 S.W.2d 647, 650[6] (Mo.App.1971).

Appellant's second and final point is to the effect that the evidence did not support the trial court's conclusion that setting aside the adoption was for the best interests of the children.

It is enough to say that after studying the transcript on appeal, carefully considering the briefs of astute counsel and conning authorities belaboring the presented problems, we conclude: (1) that posterity will not gain and the innocent children should not be ladened with a public recounting of the testimony in this case; (2) that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence; (3) that no error of law appears; and (4) that a de-

1. See *In re Novak,* 536 S.W.2d 33, 37–38 (Mo. banc 1976) and *In re McDuffee,* 352 S.W.2d 23, 26–27 (Mo.banc 1961) as to the authority and jurisdiction of the court to vacate a previous decree of adoption.

tailed opinion would have no precedential value.

The judgment of the trial court as to point one is affirmed because that point has no merit; the judgment of the trial court as to the second point on appeal is affirmed in compliance with Rule 84.16(b), V.A.M.R.[2]

All concur.

**2.** We have gratuitously considered the appeal and the briefs of the parties upon the merits albeit the statement of facts contained in appellant's brief consisted only of a resume of the testimony contrary to the mandates of Rule 84.04(c), V.A.M.R., and the printed brief of respondent did not conform to the requirements of Rule 84.06(a), V.A.M.R.